UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Claude Atalla v. General Motors LLC et al* | | |

# JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**       ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [17].

## I.       Introduction

Before the Court is a motion to remand, filed by Plaintiff Claude Atalla ("Plaintiff") on September 18, 2025. Motion to Remand ("Mot."), ECF No. 17. For the following reasons, Plaintiff's motion is GRANTED.

## II.       Background

According to the Complaint, Plaintiff allegedly purchased a 2017 Cadillac Escalade, VIN 1GYS4KKJ5HR144322 (the "Subject Vehicle"), on or around December 23, 2019. Complaint ("Compl."), ECF No. 1-1 ¶¶ 7, 10. The Subject Vehicle allegedly came with express written warranties, whereby Defendant General Motors LLC ("GM") agreed to maintain utility of the vehicle or provide compensation for defects within the applicable warranty period. Id. ¶ 12. The Subject Vehicle allegedly *did* then manifest defects covered by the warranty during the warranty period, including defects in the vehicle's suspension. Id. ¶ 13. Plaintiff allegedly delivered the Subject Vehicle to Defendant for repair, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiffs. Id. ¶¶ 14-16.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Claude Atalla v. General Motors LLC et al* | | |

# JS-6

As a result, on January 24, 2025, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and a violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301-2312. Compl. ¶¶ 9-45. Plaintiff sought "actual damages," "restitution," "civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, "costs and expenses," "reasonable attorneys' fees," "prejudgment interest," and "equitable or legal relief." Compl. ¶¶ 18, 25, 29, 45(a)-(h).

Defendant GM removed this case to federal court on August 19, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded on September 18, 2025, with the instant motion to remand. Mot. Defendant filed an opposition on November 10, 2025, and Plaintiff replied on November 17, 2025. ECF Nos. 20-21. On November 26, 2025, the Court found the matter appropriate for resolution without oral argument and took the motion under submission. ECF No. 22.

### III.   Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1). Moreover, the MMWA provides an independent basis for federal jurisdiction unless "the

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
| Title | *Claude Atalla v. General Motors LLC et al* | | |

# JS-6

amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B); *See also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000").

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

## IV.    Discussion

Defendant GM removed this case based on diversity jurisdiction. Diversity jurisdiction requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Nieratko*, 2021 WL MMWA. Federal question jurisdiction will be proper in this Court over the MMWA claim if Plaintiff can establish that the amount in controversy is at least $50,000. The Court will then be able to exercise supplemental jurisdiction over the remaining claims under the California Song-Beverly Act, which arise out of the same common nucleus of operative fact—the breach of warranty of the allegedly defective Subject Vehicle. *See* 28 U.S.C. § 1367. Defendant's removal would therefore be substantively proper if Defendant can establish an amount in controversy of $50,000 and diversity of citizenship.

### A.  Amount in Controversy

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. However, Defendant does not proffer sufficient evidence to meet its

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|

| Title | *Claude Atalla v. General Motors LLC et al* |
|---|---|

# JS-6

burden. When the amount in controversy is uncertain and jurisdiction is challenged, a removing defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67. Here, the amount in controversy is not ascertainable from the face of the complaint; the amount is therefore uncertain, and Plaintiff has challenged Defendant's assertion that this Court has jurisdiction. *See* Compl.; Mot. However, Defendant has provided the Court with only weak evidence to support its jurisdictional claim.

"Since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, 'courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). Under the state law here, the Song-Beverly Act, actual damages are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, often called the "milage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120{,}000 \text{ Miles}} = \text{Use Offset Multiplier}$$

$$\begin{array}{l}\text{Purchase Price} \\ \text{x } \underline{\text{Use Offset Multiplier}} = \\ \text{Use Offset Deduction}\end{array} \quad \rightarrow \quad \begin{array}{l}\text{Purchase Price} \\ \text{- } \underline{\text{Use Offset Deduction}} = \\ \text{Restitution}\end{array}$$

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|

| Title | *Claude Atalla v. General Motors LLC et al* |
|---|---|

# JS-6

Damages must then be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

In order to apply the necessary formula and relevant offsets, several key pieces of information must first be ascertained: (1) the purchase price of the Subject Vehicle; (2) the nature of the sales contract or leasing agreement, including the amount actually paid, rebates, and optional purchases; (2) the odometer reading of the Subject Vehicle at the time of purchase; and (3) the odometer reading of the Subject Vehicle at the time of the first relevant repair attempt.

Generally, these key pieces of information can be established by reviewing the sales agreement for the vehicle and work orders for the repairs. Here, Defendant has neither. Instead, Defendant presents a declaration from one of its attorneys, Nelson Liu—who addresses generalities but does not claim useful, personal knowledge about this case and sheds little light on the specific amount in controversy here. Declaration of Nelson Liu ("Liu Decl."), ECF No. 20-1.

Liu does attach a CarFax ownership history report for the vehicle. Id. Ex. B. This report seems to show is an odometer reading of 36,035 at the time Plaintiff purchased the Subject Vehicle (and possibly an estimate of the odometer reading at the time of the first relevant repair). Id. at 3. However, instead of including evidence of the purchase price actually paid by Plaintiff, Liu merely provides a Kelly Blue Book estimate of the sales price of a vehicle of the same make, model, and odometer reading of the Subject Vehicle. Id. Ex. C. The Court finds this evidence speculative and unpersuasive. The same CarFax report offered by Liu reveals that the Subject Vehicle apparently sustained moderate damage to its front and side

:

| Initials of Preparer | DTA |
|---|---|

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|

| Title | *Claude Atalla v. General Motors LLC et al* |
|---|---|

# JS-6

in 2017, before Plaintiff's purchase. Liu Decl. at 1, 4. Liu does not address how that damage or any other intervening circumstance might affect the estimate or at least create a margin of error as to its price.

As for the details of the sales or leasing agreement, Liu's declaration is even more speculative. Liu presumes the Subject Vehicle was purchased under a financing agreement and a four-year loan, with no further evidence to support this inference than the description that such an arrangement is "standard." Id. at ¶ 5. Liu also estimates cost of financing, negative equity, service contracts, and GAP financing based only on his "firm's experience with purchase contracts regarding similar vehicles and review of analogous financing documentation," and purchase contracts. Id. at ¶¶ 5-6. These speculations are inadequate as evidence. The Defendant hopes that the Court will accept figures from other, "analogous" cases, vehicles, or owners, without providing any evidence regarding the depth of the similarities or even details of those other cases that would allow the Court to reach its own conclusions as to their relevance or comparability.

Under the circumstances, Defendant has not provided sufficient, non-speculative evidence to meet its burden of establishing subject matter jurisdiction. Without key information about the purchase agreement and price of the Subject Vehicle, the Court is unable to apply the necessary formula and estimate with any confidence the amount in controversy in this action. Given the strong presumption against removal, the Court therefore must remand.

### B. Diversity of Citizenship

Considering that Defendant has failed to establish the amount in controversy required for removal jurisdiction, the Court does not need to reach the issue of state citizenship, though it appears generally undisputed that diversity exists. *See* Mot.; ECF No. 20.

### C. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings.

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08103-SVW-MAA | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Claude Atalla v. General Motors LLC et al* | | |

# JS-6

**IT IS SO ORDERED.**

:

Initials of Preparer   DTA